# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION – IN ADMIRALTY

## CIVIL ACTION NO.

| | |
|---|---|
| In the Matter of:<br><br>DANIEL L. PIMENTAL, Owner of M/V J&E'S GOODRUN, a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc.<br><br>For Exoneration from and/or Limitation of Liability | **VERIFIED COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

NOW COMES Daniel L. Pimental ("Limitation Plaintiff") as Owner of M/V J&E'S GOODRUN, a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc. ("Vessel"), and seeks exoneration from and/or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and as otherwise may be allowed by law and alleges the following:

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to 46 U.S.C. § 30501, *et. seq.* and Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that

the Limitation Plaintiff's Vessel has not been attached or arrested, suit has not been commenced against the owner, and the Vessel is located within this District, particularly in Wanchese, Dare County, North Carolina.

2. Limitation Plaintiff is a citizen and resident of Exeter, Rockingham County, New Hampshire.

3. At all pertinent times, Limitation Plaintiff was and is the registered owner of the Vessel. The Vessel is less than 100 gross tons and is not a wing-in-ground craft, a submersible, or a ferry.

4. Upon information and belief, on March 3, 2024, in or about the late morning hours, the Vessel embarked from Virginia Beach Fishing Center, 200 Winston Salem Avenue, Virginia Beach, Virginia on a delivery, not "for hire" voyage, with no freight pending, upon the waters of the Atlantic Ocean, a navigable body of water, in unremarkable weather conditions, with an intended destination of Wanchese, Dare County, North Carolina ("Voyage").

5. Upon information and belief, Charles M. "Charlie" Griffin (hereafter "Griffin") and Charles James "Chad" Dunn (hereafter "Dunn") were the only persons aboard the Vessel on the Voyage.

6. Limitation Plaintiff was not, at any time, aboard the Vessel during the Voyage or the Incident (defined below), nor was he in Dare County, North Carolina at the time.

7. Upon information and belief, Griffin and Dunn were both trained and experienced vessel operators and had operated vessels in the subject waters for many years.

8. Upon information and belief, at or about 7:00 p.m., on March 3, 2024, during hours of darkness and while the Vessel was being operated by Griffin and/or Dunn at or near Oregon Inlet, Dare County, North Carolina, the Vessel encountered a presently unknown peril, capsized, righted, then washed ashore at or near Pea Island, Dare County, North Carolina whereupon the Voyage terminated (the "Incident").

9. Griffin's body was found with or near the Vessel, and he is presumed to have drowned.

10. On April 23, 2024, In the Matter of the Estate of Charles Marshall Griffin, Dare County, North Carolina Case No. 24E001231-270, Paul Spencer was named the Executor of the Estate of Charles Marshall Griffin.

11. Upon information and belief, Dunn's body was found weeks later in or around Oregon Inlet and he is presumed to have drowned.

12. Upon information and belief, no estate proceeding has been initiated relative to Dunn.

13. On or about March 12, 2024, the Vessel was removed from the beach and brought by shore to a storage facility in Wanchese, Dare County, North Carolina.

14. The Limitation Plaintiff used diligence to ensure that at the commencement of the Voyage, and at all times during the Voyage, the Vessel was fit

for the intended voyage and the service in which she was engaged with her conditions being known to (or should have been known by) Griffin and Dunn.

15. Limitation Plaintiff fears a claim or claims by the Estate of Griffin and/or the Estate of Dunn, will be made regarding the Voyage and/or Incident, and that such claim(s) will exceed the post casualty value of the Vessel.

16. Upon information and belief, no alleged or potential claim of anyone, nor any alleged injury or death associated with the Voyage, or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible. If there is any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible, which is expressly denied, then said negligence may be imputed to someone(s) other than Limitation Plaintiff and/or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiff.

17. Upon information and belief, the Incident and any alleged pre-death injuries, death or damages occurring therefrom, were occasioned and incurred as a result of some excusable cause, including but not limited to marine peril and/or fault of another/others other than Limitation Plaintiff.

18. The Limitation Plaintiff invokes the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501, et. seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiff also hereby claims the benefits of all statutes and acts of the

Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiff will show that neither he nor the Vessel are liable to any extent, and that he is entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiff will show that, in the event he is found liable to any parties arising out of the Voyage or Incident, the Limitation Plaintiff is entitled to limit his liability to the value of the Vessel immediately after the Voyage.

19. The value of the Limitation Plaintiffs' interest in the Vessel at the close of the Voyage did not exceed five thousand dollars and no cents ($5,000.00), as further evidenced by the *Affidavit of Marine Surveyor,* Brian Donnalley and accompanying report, which is attached as **Exhibit 1**.

20. This Complaint is filed not later than six (6) months after receipt of a claim in writing.

21. Subject to an appraisal of the Limitation Plaintiff's interest on a reference, the Limitation Plaintiff, contemporaneously with the filing of this Complaint, is submitting an *ad interim* stipulation of value not less than or equal to the amount or value of Limitation Plaintiff's interest in the Vessel, that being Five Thousand Five Hundred Dollars and no cents ($5,500.00) (being $5,000.00 [the value of the Vessel as determined by Brian Donnalley per the affidavit and report attached as Exhibit 1], pending freight [none], plus $500.00 as required by Supplemental Rule

F(1) and Local Rule F.1), plus interest at the rate of 6% per annum from the date of the security.

22. Limitation Plaintiff invokes admiralty and maritime law and jurisdiction and further seeks exoneration from or limitation of liability for any and all claims arising out of the Voyage.

**WHEREFORE**, the Limitation Plaintiff prays that this Honorable Court will:

a. Enter an Order accepting the Limitation Plaintiff's *ad interim* stipulation of value as approved security for such estimated value of Limitation Plaintiff's interest in the Vessel and thereupon release the Vessel from any and all liability in the premises, said *ad interim* stipulation and undertaking to be continued in force and effect until the value of Limitation Plaintiff's interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiff shall, thereupon, either pay the additional amount into the Court or issue such additional bond, approved security, or stipulation sufficient to fully cover such appraisal;

b. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage against Limitation Plaintiff and/or the Vessel, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and

practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c. Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the Voyage and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiff, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiff and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting and/or arising from the Voyage;

d. Order that said notice as required by Supplemental Rule F(4) and Local Admiralty Rule F.2 shall be published in <u>The News and Observer</u> (Raleigh, North Carolina), a general circulation printed and published in Wake County, North Carolina; once each week for four (4) successive weeks before the return date of the notice;

e. Adjudge and decree in this proceeding that the Limitation Plaintiff and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or

incidental to the matters, the Voyage and/or Incident; or if the Court shall adjudge that the Limitation Plaintiff and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiff be limited to the value of his interest in the Vessel as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided *pro rata* among the claims filed as provided by law, and that the Limitation Plaintiff and the Vessel be discharged from all further liability; and

f. If Limitation Plaintiff shall be found liable, a declaration that Limitation Plaintiff shall be indemnified by the party or parties, currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the Voyage and/or Incident;

g. Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the Voyage or the alleged acts or omissions of Limitation Plaintiff; and

h. Enter such other Orders as will give to the Limitation Plaintiff and the Vessel such other and further relief as may be just and proper in the premises.

This the 3rd day of June, 2024.

        FARRELL SMITH O'CONNELL
        AARSHEIM APRANS LLP

        /s/ Jason R. Harris
        Jason R. Harris
        N.C. State Bar No. 27876
        7304 Edith Court
        Wilmington, NC 28411
        (910) 836-1755
        (978) 666-0383 Fax
        jharris@fsofirm.com

        For Mail Only:
        27 Congress St., Suite 508
        Salem, MA 01970
        *Attorneys for Limitation Plaintiff*

9

Case 2:24-cv-00035-FL    Document 1    Filed 06/03/24    Page 9 of 10

STATE OF South Carolina
COUNTY OF Charleston County

## VERIFICATION

I, Daniel L. Pimental, do hereby declare, "under oath and under penalty of perjury", that I have read the foregoing Complaint, and the factual allegations contained there are true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.

_____
DANIEL L. PIMENTAL

SWORN TO AND SUBSCRIBED before me this the 28 day of May, 2024.

_____
Notary Public (signature)

Deanna M Phillips
Notary Public (name printed)

My Commission Expires: 04/01/2025

10