UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION – IN ADMIRALTY

CIVIL ACTION NO. 2:24-CV-35-FL

In the Matter of:

DANIEL L. PIMENTAL, Owner of M/V J&E'S GOODRUN, a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc.

For Exoneration from
or Limitation of Liability

ENTRY OF DEFAULTS AGAINST
NON-APPEARING PARTIES AND
NON-ASSERTED CLAIMS

**THIS CAUSE** having come before the undersigned Clerk of Court on Limitation Plaintiff, Daniel L. Pimental's ("Limitation Plaintiff"), Motion for Entry of Defaults Against Non-Appearing Parties and Non-Asserted Claims, Rule 55(a) and Supplemental Admiralty Rules F(4) and F(5) of the Federal Rules of Civil Procedure, and having reviewed the record herein, the undersigned finds that:

1. On June 3, 2024, Limitation Plaintiff filed a Verified Complaint for Exoneration from and/or Limitation of Liability [DE 1], pursuant to 46 U.S.C. §§ 30501 *et seq.* and Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F of the Federal Rules of Civil Procedure, for any injuries, damages or losses of whatever in consequence of or arising out of or connected with the operation of M/V J&E'S GOODRUN, a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG

Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc., (the "Vessel"), during a voyage on March 3, 2024 (the "Voyage").

2. On June 7, 2024, the Court issued an Order Directing Issuance of Notice, Restraining Prosecution of Claims and requiring public notice be given by publication thereof in *The News and Observer*, a newspaper within this District, for four successive weeks [DE 5]. Supplemental Admiralty Rule F(4) required Limitation Plaintiff to mail, no later than the day of the second publication, a copy of said Notice to every person known to have made a claim against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose. Supplemental Rule F(4).

3. On June 10, 2024, the Clerk of this Court duly issued a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability [DE 6]. The Notice required all potential claimants to file their claims with the Clerk of this Court, in the United States District Court for the Eastern District of North Carolina, Northern Division, and serve on Limitation Plaintiff's attorney, Jason R. Harris, a copy therefore on or before August 30, 2024 or be defaulted. *Id.*

4. The Notice to Claimants was duly given and published in *The News and Observer* once a week for the four (4) successive weeks ending July 31, 2024, as required by the Court, and movants mailed a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability to the last known address of every occupant of the Vessel known to Plaintiff and to the attorneys for the decedents' estates per Dare County Court files 24E001231-270 (Estate of Griffin) and

24E001305-270 (Estate of Dunn), whether or not a claim was anticipated, against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose.

5. Limitation Plaintiff has complied with all service obligations of Supplemental Rule F and the Orders of this Court.

6. The deadline for receipt of claims and answers was August 30, 2024.

7. Attorney Stevenson L. Weeks gave notice of appearance on behalf of anticipated claimant the Estate of Charles James Dunn [DE 7] and an order was entered giving the Estate of Dunn until September 30, 2024 [Text Order dated August 22, 2024] to respond to the Complaint and file a claim. Limitation Plaintiff served a copy of this Motion upon the attorney for anticipated Claimant, the Estate of Charles James Dunn, pursuant to Local Rule 55.1(a).

8. No other person or party has appeared, filed any claims, or filed any pleadings in this matter.

THEREFORE, defaults are hereby entered as to all non-appearing parties and non-asserted claims and the concursus of claimants in this action may only consist of anticipated Claimant, the Estate of Charles James Dunn.

This the 9 day of October, 2024.

_____
Peter A. Moore, Jr., Clerk
United States District Court
Eastern District of North Carolina