# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION – IN ADMIRALTY

## CIVIL ACTION NO. 2:24-CV-35-FL

| | |
|---|---|
| In the Matter of:<br><br>DANIEL L. PIMENTAL, Owner of M/V J&E'S GOODRUN, a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc.<br><br>For Exoneration from<br>or Limitation of Liability | **JUDGMENT OF DEFAULTS AGAINST NON-APPEARING PARTIES AND NON-ASSERTED CLAIMS** |

**THIS CAUSE** having come before the Court on Limitation Plaintiff, Daniel L. Pimental's ("Limitation Plaintiff"), as the Owner of a 2000 35' +/- Scopinich Express, HIN # SC200004D200, USCG Official #1099952, her engines, tackle, apparel, appurtenances, fittings, etc. ("Vessel"), Motion for Judgment of Defaults Against Non-Appearing Parties and Non-Asserted Claims, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure that:

1. On June 3, 2024, Limitation Plaintiff filed a Verified Complaint for Exoneration from and/or Limitation of Liability [DE 1], pursuant to 46 U.S.C. §§ 30501 *et seq.* and Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F of the Federal Rules of Civil Procedure, for any injuries, damages or losses of whatever in consequence of or arising out of or connected with the operation of the Vessel, during a voyage on March 3, 2024 (the "Voyage").

2.  Pursuant to Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on or about June 7, 2024, the Court duly issued an Order Directing Issuance of Notice, Restraining Prosecution of Claims [DE 5]. Further, on or about June 10, 2024, the Clerk of this Court duly issued a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability [DE 6] requiring all persons asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly as a result of the occurrences and happenings recited in the Complaint, to file their respective claims with the Clerk of this Court and serve copies therefore on Limitation Plaintiff's attorney, and to answer the allegations of the Complaint herein on or before August 30, 2024 or be defaulted. *Id.*

3.  The Notice of said Order was duly given and published in *The News and Observer* once a week for the four (4) weeks ending July 31, 2024, as required by the Court, and copy of the Notice was mailed to every person known to have made any claim, including all passengers, whether or not a claim was anticipated, against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose. Notice by Limitation Plaintiff was, in all respects, proper.

4.  The August 30, 2024 deadline for receipt of claims has expired.

5.  To date, Limitation Plaintiff has been notified of one claim, that of Carol Dunn, Administratrix of the Estate of Charles James Dunn.

6.  No other person or party has appeared, filed any claims, or filed any pleadings in this matter.

7. An Order for Entry of Default Against Non-Appearing Parties was entered on October 9, 2024 [DE 16].

8. Limitation Plaintiff's service obligations under the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the local rules, and as otherwise required by law (including 46 USC 30501, et seq) have been in all respects compliant, proper and appropriate and therefore warrant the relief afforded in this Judgment.

IT IS ORDERED, ADJUDGED AND DECREED that Judgment of Defaults is had as to all non-asserted claims arising from the Voyage at issue in this limitation action and against all non-appearing parties having an interest in this matter; that all persons in default are barred, enjoined and restrained from filing, commencing or prosecuting any claim, answer, suit, action or other proceeding of any nature or description whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage in this or any proceeding relating to the Voyage at issue; that Limitation Plaintiff is exonerated from liability as to all persons in default; and that the concursus of claimants in this action consists only of Claimant, Carol Dunn, Administratrix of the Estate of Charles James Dunn.

This the 5th day of November, 2024.

_Louise V. Flanagan_
United States District Court
Eastern District of North Carolina